UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

First Products, Inc.,

BKY 10-41610-NCD

Chapter 7 Case

Debtor.

# NOTICE OF HEARING AND MOTION FOR
# SALE OF PERSONAL PROPERTY FREE AND CLEAR OF LIENS
# ENCUMBRANCES AND OTHER INTEREST

TO: The Debtor and other entities specified in Local Rule 9013-3:

1. Nauni Jo Manty, the trustee in the chapter 7 proceeding, moves the court for the relief requested below and gives notice of hearing.

2. The court will hold a hearing on this motion at **10:30 a.m. on September 22, 2010,** in Courtroom No. 7W, 301 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota before The Honorable Nancy C. Dreher.

3. Any response to this motion must be filed and served not later than **September 17, 2010**, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY SERVED AND FILED, THE COURT MAY ENTER AN ORDER GRANTING THE REQUESTED RELIEF WITHOUT A HEARING.**

4. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing the case was filed under chapter 11 on March 5, 2010 and converted to a chapter 7 case on May 27, 2010. Nauni Manty is the duly appointed chapter 7 trustee. This case is now pending in this court.

5. This motion arises under 11 U.S.C. §§ 363(b), 363(f), and 724 and Bankruptcy Rule 6004. This motion is filed under Bankruptcy Rules 9014 and 9019 and Local Rules 6004-1 and 9019-1.

6. The trustee requests an order of the court authorizing her to sell property of the estate described in the Offer to Purchase Assets of Debtor, attached as <u>Exhibit A</u> which is 86 pages in length. Pursuant to Loc. R. 9013-2(e), the attached exhibit exceeds 50 pages. The full exhibit was filed with the clerk of bankruptcy court. Upon request, the trustee shall furnish a copy of the exhibit to any entity requesting same. The exhibit is a summary of the pending patents and communications from the attorneys representing the debtor in connection with the patents. The trustee seeks to sell the property free and clear of liens, encumbrances and other interests pursuant to 11 U.S.C. § 363(f) with the liens to attach to the proceeds of the sale with the same dignity and priority as the liens attached to the property and for distribution as further set out in this motion.

7. The trustee has received an offer from the bankruptcy estate of KDC, Inc., by its trustee, James W. McNeilly, Jr., to purchase the assets as described in <u>Exhibit A</u> for $80,000. The property is being sold "as is, where is" without any representations or warranties. In addition to the payment of $80,000, KDC, Inc. will withdraw its claim No. 23, in the estate in the amount of $10,429,037.00. KDC, Inc. will assert no claim in the estate.

8. Associated Bank asserts a security interest in, among other things, all inventory, equipment, accounts, chattel paper, instruments, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles. Associated Bank asserts that the pending patents are general intangibles. The trustee, on behalf of the estate, disputes Associated Bank's security interest in the patents.

9. Associated Bank has agreed to accept $65,000.00 in full payment of the debtor's remaining obligation under the promissory note in full and complete satisfaction of the indebtedness due and owing of approximately $79,792.07, plus accrued interest and other costs. In exchange for the payment of $65,000, Associated Bank shall release its lien in the collateral subject to its security interest, including any interest Associated Bank may have in the patents, patent applications or other intellectual property.

10. The trustee is not selling any assets subject to any other creditor's lien. She is only selling those assets subject to the Associated Bank lien as well as other unencumbered assets.

11. The trustee has been negotiating the sale of the property and this is the highest and best offer she has received for the property. As such, the trustee believes the sale price is fair and reasonable.

12. The trustee will be able to distribute the proceeds from the sale of the property according to the priority as provided for in the Bankruptcy Code and 11 U.S.C. § 724. The trustee believes that there will not be a taxable gain to the estate. Upon approval of the motion and payment by the successful purchasers, the trustee shall pay Associated Bank, N.A. $65,000.00 for its interest in the collateral.

13. In the event of competing bids, the trustee reserves the right to accept the highest and best offer made to the estate prior to the hearing and to seek authority, at the hearing, to sell the property to the highest and best offer. Competing offers must be in $10,000.00 or more increments. In order for an offer to be considered, bidders/purchasers must submit a preapproval bank letter, evidencing financial ability to close. Payment shall be made in certified funds within five days of the court approval of the sale. The trustee, in her discretion, may modify the terms

of the bidding procedures.

14. Any and all preference or fraudulent transfer claims are excluded from the sale.

15. The trustee has sent this notice to all counsel of record in the case, all scheduled creditors in the case, parties entitled to notice under Local Rule 9013-3, all other known parties with an interest of record and an interest in purchasing the property being liquidated.

16. If testimony is required, the following parties may be called to testify relative to the procedure used in the sale: Nauni Manty.

**WHEREFORE**, the trustee requests the court enter an order granting this motion and approving the sale of the propery to the bankruptcy estate of KDC, Inc. free and clear of all liens, encumbrances and other interests including specifically any lien or interest; that the fourteen-day stay as provided by Bankr. R. 6004(h) be waived; and for any other relief as may be just and equitable.

Date: September 1, 2010

MANTY & ASSOCIATES, P.A.

By: /e/ Nauni Jo Manty
Nauni Jo Manty (#230352)
Timothy J. Pramas (#240321)
510 First Ave N, Suite 305
Minneapolis, MN 55403
ATTORNEYS FOR TRUSTEE

## VERIFICATION

I, Nauni Jo Manty, the chapter 7 trustee named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Date: September 1, 2010

/e/ Nauni Jo Manty
Nauni Jo Manty

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

First Products, Inc.,

BKY 10-41610-NCD

Chapter 7 Case

Debtor.

**MEMORANDUM IN SUPPORT OF TRUSTEE'S MOTION FOR APPROVAL OF SALE OF PERSONAL PROPERTY FREE AND CLEAR OF LIENS, ENCUMBRANCES AND OTHER INTERESTS**

**INTRODUCTION**

Nauni Jo Manty, the chapter 7 trustee, through her attorney, submits this memorandum of law in support of the trustee's motion for approval of sale of personal property free and clear of liens, encumbrances and other interests.

**FACTS**

The factual background is set forth in the motion and, to avoid duplication, is incorporated by reference as if fully set forth in this memorandum.

**ARGUMENT**

Section 363 of the Bankruptcy Code provides that the Trustee "after notice and a hearing may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1); In re Hanson Industries, 90 B.R. 405 (Bankr. D. Minn. 1988). Section 363(f) allows a trustee to sell property "free and clear of any interest in such property of an entity other than the estate," only if one of five criteria is met. Lindsey v. Ipock, 732 F.2d 619, 622 (8th Cir. 1984). Section 363(f) provides:

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if-

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

The court is to look at the amount of the lien as well as to whether the estate has any equity in the property. In re Riverside Inv. Partnership, 674 F.2d 634, 640 (7th Cir. 1982). The failure to object to a proposed sale could be construed as consent to the sale. Veltman v. Whetzal, 93 F.3d 517, 521-522 (8th Cir. 1996). Here, the proceeds will be distributed to creditors pursuant to the terms set forth in the motion and pursuant to 11 U.S.C. § 724 as well as other provisions of the Code.

At least three of the five criteria listed in § 363(f) exists here. The liens on the property will follow the proceeds of the sale and will be paid pursuant to the priorities set forth in the Bankruptcy Code. Associated Bank is consenting to the sale and the trustee disputed Associated Bank's position that its lien attaches to the patents. Regardless, the dispute between the trustee and Associated Bank is moot due to the proposed sale as Associated Bank has agreed to accept $65,000 in full satisfaction of its debt. Upon payment of the $65,000, Associated Bank shall release its lien on the collateral including the patents and its obligation shall be satisfied in full.

The trustee believes that the best interests of the estate mandate that such sale be approved. The trustee believes that all of the interest holders in the property, which the trustee seeks to

eliminate, will have their interests protected as provided by § 363. As such, the sale of the property should be approved.

## **CONCLUSION**

Because the sale of the property is in the best interests of the estate, the trustee respectfully requests that her Motion for Sale of Property Free and Clear of Liens, Encumbrances and Other Interests be approved.

Dated: September 1, 2010

MANTY & ASSOCIATES, P.A.

By: /e/ Nauni Jo Manty
Nauni Jo Manty (#230352)
Timothy J. Pramas (#240321)
510 First Ave N, Suite 305
Minneapolis, MN 55403
ATTORNEYS FOR TRUSTEE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

First Products, Inc.,

Debtor.

BKY 10-41610-NCD

Chapter 7 Case

**UNSWORN CERTIFICATE OF SERVICE**

I, Malinda S. Hughes, declare under penalty of perjury that on September 1, 2010, I served the Notice of Hearing and Motion for Sale of Property Free and Clear of Liens, Encumbrances and Other Interests; Memorandum in Support of Trustee's Motion for Approval of Sale of Property Free and Clear of Liens, Encumbrances and Other Interests; Unsworn Certificate of Service; and Order Authorizing Sale of Property Free and Clear of Liens, Encumbrances and Other Interests to each entity listed below:

United States Trustee
1015 US Courthouse
300 South 4th Street
Minneapolis, MN 55415
(Via electronic filing)

First Products, Inc.
2626 E. 82nd Street
Suite 326
Bloomington, MN 55425
(Via US Mail)

Thomas R. Schumacher
Timothy O'Brien
Bakke Norman, S.C.
990 Main Street
Baldwin, WI 54002

Sean Shiff
sshiff@skolnick-shiff.com

Jacob B. Sellers
jsellers@winthrop.com

Alan E. Brown
abrown@larkinhoffman.com

Marilyn J. Washburn
washburn@riezmanberger.com

Andrea M. Hauser
ahauser@losgs.com

Brian F. Leonard  
bleonard@losgs.com

Michael Fadlovich  
michael.fadlovich@usdoj.gov


Dated: September 1, 2010

*/e/ Malinda S. Hughes*  
Malinda S. Hughes, Legal Assistant  
Manty & Associates, P.A.  
510 First Ave N, Suite 305  
Minneapolis, MN  55403

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

First Products, Inc.,

BKY 10-41610-NCD

Chapter 7 Case

Debtor.

**ORDER AUTHORIZING SALE OF PERSONAL PROPERTY
FREE AND CLEAR OF LIENS, ENCUMBRANCES
AND OTHER INTERESTS**

This matter came before the court on the motion by Nauni Jo Manty, the trustee for the bankruptcy case of First Products, Inc., for an order authorizing her to sell property of the estate free and clear of liens to the bankruptcy estate of KDC, Inc. Based upon all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED:**

1. The motion for sale of property free and clear of liens, encumbrances and other interests is granted.

2. The trustee shall sell (1) all equipment, machinery, inventory, finished goods, containers, storage items packaging material and tangible personal property of First Products, no matter where located, including all such property currently located at Woodville Warehousing in Woodville, Wisconsin, Merlin Development in Plymouth, Minnesota and/or Best Maid in River Falls, Wisconsin and the equipment listed subject to Associated Bank's lien; (2) all uncollected accounts receivable of First Products; (3) all general intangible assets of First Products, including but not limited to all good will, trade names, assumed names, trademarks (registered or unregistered), logos, labels, trade secret information, matters of a technical nature such as

processes, devices, techniques, data and formulas, research subjects and results, marketing methods, plans and strategies, operations, products, revenues, expenses, profits, sales, key personnel, customers, suppliers, pricing policies, any information concerning the marketing and other business affairs and methods of the business of the Debtor, First Products, Inc. which is not readily available to the public, including contract rights contained in confidentiality and nondisclosure agreements between the Debtor and any of its shareholders, officers, directors or employees; (4) all interest in the pending patent applications and other intellectual property, including, but not limited to, all relevant documents related to the patent applications of First Products, Inc. as are contained in the Debtor's files and as described in the motion or Debtor's interest in the Debtor's client files of its patent attorneys at the firms or any other firm or entity that may hold such files; (5) all records of product sales to retail or wholesale businesses; (6) all records of sales contacts, whether representing current, past or potential customers, including information on persons contacted, status of contacts, what product or products have been discussed, formal or informal offers or agreements; (7) the professional negligence claims described as: (a) All claims or potential claims, if any, against the Gray, Plant and Mooty law firm for professional negligence or misconduct regarding its representation of First Products, and/or its officers or directors, and/or KDC; (b) All claims or potential claims, if any, against the Robert B. Corris, S.C. law firm for professional negligence or misconduct regarding its representation of First Products and/or its officers or directors; (c) All claims or potential claims, if any, against the Reinhart Boerner & Van Deuren law firm for professional negligence or misconduct regarding its representation of First Products, and/or its officers or directors, and/or KDC; (8) all claims or potential claims against former officers and directors of First Products (including Donald Johnson, Alan Clark, Jerry Brosteau, Jeffery Covelli and Harry Kraklow).

This does not include any claims or potential claims against current officers and/or directors, including Donald Koller, Thomas Vanasek, Joseph Dean, and Mark Zweber. Any such claims or potential claims against the current officers and directors are expressly waived and shall not be pursued; (9) all employment contracts, non-compete agreements or confidentiality agreements between First Products and current or former employees, officers or directors; and (10) all recipes, processes, mixing instructions, trade secrets, and intellectual property not identified above, that are part of the Debtor's bankruptcy estate which in any way relate to the tangible or intangible assets, products or potential products of First Products; free and clear of any and all liens, encumbrances and other interests to the bankruptcy estate of KDC, Inc.; all liens, encumbrances or other interests shall attach to the proceeds of the sale with the same dignity, priority and extend as held against the asset.

3. The bankruptcy estate of KDC, Inc., shall pay the trustee $80,000.00 within five days of this order.

4. The trustee shall pay Associated Bank, N.A. $65,000.00 within five days of receipt of funds for its secured interest in the assets.

5 The fourteen-day stay as provided by Bankruptcy Rule 6004(h) is waived.

6. The relief granted is in the best interest of the estate, all creditors and other interested parties in this case.

7. The sale of the assets of the estate is a good-faith transaction within the meaning of § 363(m) of the Bankruptcy Code.

8. The assets are sold "as is, where is" without any representations and warranties.

9. Adequate and sufficient notice to all creditors and interested parties to this case of the proposed entry of the order was given in accordance with Bankruptcy Rule 2002.

10. The trustee and her representatives are authorized to take such other actions and execute and deliver such additional documents or instruments as will be reasonably necessary to effectuate the transactions contemplated in the trustee's motion.

11. The trustee is authorized and directed to sell the assets of the estate upon all the terms set forth in the trustee's motion, this order, and any agreement entered into by the parties.

Dated:

_____
Nancy C. Dreher
United States Bankruptcy Judge